**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy John JOHNSON,**
**Defendant–Appellant.**

No. 94–7004.

United States Court of Appeals,
Tenth Circuit.

Nov. 16, 1994.

Craig Bryant, Asst. Federal Public Defender (Stephen J. Knorr, Federal Public Defender, with him on the brief), Tulsa, OK, for defendant-appellant.

Joseph F. Wilson, Asst. U.S. Atty. (John Raley, U.S. Atty., with him on the brief), Muskogee, Oklahoma, for plaintiff-appellee.

Before BALDOCK and EBEL, Circuit Judges, and O'CONNOR, District Judge.*

BALDOCK, Circuit Judge.

Defendant Timothy John Johnson appeals his sentence for conspiracy to receive explosive materials during a crime of violence, 18 U.S.C. § 371, and maliciously attempting to damage a vehicle by means of explosive material, 18 U.S.C. § 844(i). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

On August 13, 1992, Defendant was arrested in Seminole County, Oklahoma for driving a stolen automobile and was confined to the county jail pending bail. On August 19, 1992, a third party, Travis Duncan, entered the jail with a gun and forced the release of Defendant and his cellmate, John Fisher.

The escapees took the jailer's badge and shirt, locked him in a cell, and drove away in a blue Chevrolet pickup.

Highway Patrol Trooper Bill James pursued the escapees on Interstate 40 near Checotah, Oklahoma. During the pursuit, Defendant and Fisher fired a volley of gunshots and tossed several explosive devices at Trooper James. Defendant was ultimately captured. During an inventory search, officers found six incendiary bombs and an explosive bomb in the pickup truck.

Following his arrest for escape, Defendant was charged in a multi-count information in state court with: (1) conspiracy to commit a felony; (2) kidnapping; (3) willfully assisting a prisoner to escape; (4) assisting escape from an officer; (5) escape; (6) unauthorized entry into jail; (7) assault with a dangerous weapon; and (8) robbery with a firearm. On September 14, 1992, Defendant pleaded guilty to these charges and was sentenced to twenty years imprisonment on the kidnapping and robbery charges, and to lesser terms of imprisonment on the remaining counts. The state court ordered these terms of imprisonment to run concurrently. In addition, Defendant pleaded guilty to several state automobile charges which had preceded the escape and received a maximum of five years imprisonment on these charges. The state court ordered Defendant's automobile-related sentence to run concurrently with the state escape sentences.

On October 27, 1993, Defendant pleaded guilty in federal court to conspiracy to receive explosive materials during a crime of violence, 18 U.S.C. § 371, and maliciously attempting to damage a vehicle by means of explosive material, 18 U.S.C. § 844(i). The district court sentenced Defendant to 60 months imprisonment on the conspiracy count and 115 months on the car bombing count and ordered Defendant's federal sentences to run consecutively to his state sentences. This appeal followed.

On appeal, Defendant claims the district court erred by: (1) ordering his federal

---

* The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation.

sentences to run consecutively to his state escape sentences, and (2) failing to sufficiently state its reasons for the imposition of a consecutive sentence. We review the district court's interpretation and application of the Guidelines de novo. *See United States v. McAlpine*, 32 F.3d 484, 487–88 (10th Cir. 1994).

## I.

■ Defendant first contends the district court erred because U.S.S.G. § 5G1.3 required the court to order his federal sentences to run concurrently with his state escape sentences. We disagree.

■ In general, a district court has broad discretion in choosing to sentence a defendant to a consecutive or concurrent sentence. *See* 18 U.S.C. §§ 3553(a), 3584(a), (b). The court's discretion is confined, however, by § 5G1.3 of the Guidelines when it seeks to impose a consecutive or concurrent sentence upon a defendant subject to an undischarged term of imprisonment. *See United States v. Shewmaker*, 936 F.2d 1124, 1127 (10th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992). At the time of Defendant's sentencing, § 5G1.3 provided:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a rea-

sonable incremental punishment for the instant offense.

U.S.S.G. § 5G1.3 (1993 version).

Both parties agree that § 5G1.3(a) does not apply to the instant case. The parties disagree, however, concerning the applicability of subsections (b) and (c). Defendant contends § 5G1.3(b) required the district court to order his federal sentences to run concurrently with his state escape sentences. The government contends § 5G1.3(c) rather than § 5G1.3(b) is the applicable sentencing provision. We agree with the government.

■ "The intended purpose of § 5G1.3(b) is to effectively 'credit[ ] for guidelines purposes' defendants who have already served time—generally in another jurisdiction—for the same conduct or course of conduct." *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir.1994). Accordingly, § 5G1.3(b) requires a district court to impose a concurrent sentence when (1) a defendant is subject to an undischarged term of imprisonment, and (2) the conduct underlying the undischarged term of imprisonment has been "fully taken into account in the determination of the offense level for the instant offense." *See* U.S.S.G. § 5G1.3(b). Furthermore, the commentary to § 5G1.3 indicates that § 5G1.3(b) "addresses cases in which the conduct resulting in the undischarged term of imprisonment has been fully taken into account under § 1B1.3 (Relevant Conduct) in determining the offense level for the instant offense." U.S.S.G. § 5G1.3(b) application note 2.

Defendant contends that because the presentence report described the escape conduct underlying his undischarged state sentences, the district court necessarily took into account that conduct in calculating his instant offense level. Consequently, Defendant contends § 5G1.3(b) required the district court to order his federal sentence to run concurrently with his state escape sentences. In support of his contention, Defendant relies on *United States v. Hicks*, 4 F.3d 1358, 1365–66 (6th Cir.1993). Defendant's reliance on *Hicks* is misplaced. In *Hicks*, the defendant pleaded guilty to aggravated assault in state court and was sentenced to ten years imprisonment. The defendant subsequently pleaded guilty to a federal charge of illegal posses-

sion of a gun. Pursuant to § 2K2.1(c)(1) of the Guidelines, the district court used the conduct underlying defendant's state sentence for aggravated assault to calculate the offense level for defendant's federal sentence. On appeal, the Sixth Circuit concluded the district court erred in failing to apply § 5G1.3(b) because "the aggravated assault for which defendant was prosecuted in state court ha[d] been fully taken into account in determining the offense level for the federal weapons possession offense." *Id.* at 1366.

In the instant case, unlike *Hicks,* there is no indication in the record that the conduct underlying Defendant's state sentences was considered as relevant conduct to determine the offense level for Defendant's federal sentence. Furthermore, the fact the presentence report described the escape conduct does not indicate that the conduct was used to determine the Defendant's offense level. We therefore conclude the district court properly refused to sentence Defendant under § 5G1.3(b).

### II.

■ Alternatively, Defendant contends the district court improperly applied § 5G1.3(c) in imposing his consecutive sentence. At sentencing, the district court stated that a consecutive sentence was appropriate "because ... the [c]ourt finds no reason to depart from the sentence called for by application of the Guidelines." Defendant contends this explanation was inadequate because the district court failed to consider the analytical methodology set forth in the commentary to § 5G1.3(c) in imposing his sentence.

■ Section 5G1.3(c) requires a district court to impose a consecutive sentence to the prior undischarged term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c). The commentary to § 5G1.3(c) directs the district court to determine the total punishment for all the offenses as if § 5G1.2 (Sentencing on Multiple Counts of Conviction) was applicable. U.S.S.G. § 5G1.3 application note 3. After determining this total, "[t]o the extent practicable, the court should consider a reasonable

incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 ... had all the offenses been federal offenses for which sentences were being imposed at the same time." *Id.* The purpose of this methodology is to ensure that the district court "fashion[s] a total sentence that would be roughly equivalent to what the defendant would have received if he or she had been sentenced at the same time in federal court for all relevant offenses, both state and federal, as if they had been federal offenses." *United States v. Haney,* 23 F.3d 1413, 1418 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 253, 130 L.Ed.2d 174 .(1994).

■ In setting forth this methodology under § 5G1.3(c), "[t]he sentencing commission anticipated that the application of subsection (c) could be complex." *United States v. Brewer,* 23 F.3d 1317, 1320 n. 9 (8th Cir. 1994). However, a district court may not ignore the methodology merely because of its complexity. Rather, the methodology found in the commentary to § 5G1.3(c) interprets and explains how the guideline should be applied and a district court "is bound to consider its implications." *United States v. Coleman,* 15 F.3d 610, 612 (6th Cir.1994) (citing *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993)). Consequently, a district court "should utilize the methodology called for in the commentary to determine whether imposing a consecutive sentence within [the guideline] range results in a reasonable incremental punishment for [a] defendant." *Id.* at 613; *see also United States v. Redman,* 35 F.3d 437, 441–42 (9th Cir.1994) ("[T]he court must attempt to calculate the reasonable incremental punishment that would be imposed under the commentary methodology."); *United States v. Whiting,* 28 F.3d 1296, 1311 (1st Cir.1994) (vacating defendant's sentence because district court failed to follow § 5G1.3(c) methodology), *cert. denied,* —— U.S. ——, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994); *United States v. Gullickson,* 981 F.2d 344, 349 (8th Cir.1992) ("Sentencing courts must ... follow the pro-

cedures set out in [§ 5G1.3(c)] and impose sentence accordingly.").

Although a district court should consider the methodology in imposing sentence, the sentencing commission anticipated instances where it will be impracticable for a district court to fully apply the methodology. For example, the lack of information concerning a defendant's prior offenses "may permit only a rough estimate of the total punishment that would have been imposed under the guidelines." U.S.S.G. § 5G1.3(c) application note 3; *see also United States v. Hunter*, 993 F.2d 127, 131 (6th Cir.1993) (Ryan, J., concurring) (setting forth examples when methodology may be impracticable to apply). Consequently, the calculations required by § 5G1.3(c) should only be undertaken "to the extent practicable" and should not "be applied in a manner that unduly complicates or prolongs the sentencing process." U.S.S.G. § 5G1.3(c) application note 3. As a result, courts have recognized that "it will not always be necessary to follow the precise methodology called for under § 5G1.3 and (§ 5G1.2), since there may be circumstances which will warrant the court in resorting to a simpler method of achieving a result which is the practical equivalent of the more complex computations." *Coleman*, 15 F.3d at 613 (citing *Hunter*, 993 F.2d at 127). However, if a district court departs from the analysis required by § 5G1.3(c), it must explain its rationale for doing so. *See Redman*, 35 F.3d at 441 ("The court must ... state its reasons for abandoning the commentary methodology in such a way as to allow us to see that it has considered the methodology."); *Brewer*, 23 F.3d at 1321 ("[A] district court may depart from the mandate imposed by § 5G1.3, but it may not do so without justifying such a departure."); *see generally United States v. Shewmaker*, 936 F.2d 1124, 1128 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992).

In the instant case, the district court merely imposed a consecutive sentence because it found "no reason to depart from the sentence called for by application of the Guidelines." From this statement, there is no indication the district court employed the applicable methodology under § 5G1.3(c) or otherwise found it impracticable to do so when it imposed Defendant's consecutive sentence. Consequently, we are unable to determine whether the sentence imposed by the district court constituted a reasonable incremental punishment under § 5G1.3(c). As a result, we must remand for resentencing. On remand, the district court should employ the methodology under § 5G1.3(c). If the district court departs from the analysis required pursuant to § 5G1.3(c), it must explain its rationale for doing so.

In conclusion, we REMAND to the district court for vacation of Defendant's sentence and for resentencing consistent with this opinion.