62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael HERRERA-SOTO, Defendant-Appellant.
 No. 95-1210.
(D.C.No. 95-B-540)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Rafael Herrera-Soto, appearing pro se and having been granted leave to proceed in forma pauperis, appeals from an order of the district court denying his 28 U.S.C. 2255 motion to correct an illegal sentence.
 
 
 3
 Herrera-Soto pleaded guilty to one count of conspiracy to possess with intent to distribute heroin pursuant to a plea agreement. Within the plea agreement the government agreed "not to oppose the defendant's request that the sentence to be imposed in this case run concurrently with the state sentences which the defendant is now serving." (R., Vol. I, Tab 5).
 
 
 4
 During Herrera-Soto's change of plea hearing, the district court reviewed Herrera-Soto's Statement in Advance of his Plea of Guilty and the Plea Agreement, which included the government's agreement not to oppose Herrera-Soto's request that any federal sentence imposed run concurrently with the state sentences he was serving. Herrera-Soto testified that he had signed both documents freely and voluntarily after consulting with counsel and that he had a complete understanding of the documents and how they would affect him.
 
 
 5
 During his sentencing hearing, Herrera-Soto stated:
 
 
 6
 Well, the only thing that I would like to say is that I am well aware that I made some mistakes. And no one in this world is perfect. I am very ashamed of what I did, and this will--this experience will serve me in the future as an example whereby I won't commit anymore mistakes.
 
 
 7
 And I would be very grateful to God and to all of you if I were to be allowed to serve my sentencing all at the same time.
 
 
 8
 (R., Vol. III at 5).
 
 
 9
 The district court rejected Herrera-Soto's request that his federal sentence run concurrently with the state sentences which he was serving:
 
 
 10
 The term of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment pursuant to the judgment in docket No. 91-CR-897 Larimer County, Ft. Collins, Colorado District Court and docket No. 80, Lancaster County, Lincoln Nebraska District Court.
 
 
 11
 Now I have no--I don't know exactly what the states of Colorado and Nebraska may be doing with regard to their sentences, but for me to impose this sentence in this Court in light of this defendant's prior criminal record in which he has not learned from his prior mistakes would unduly depreciate the seriousness of this offense. He hasn't learned from prior mistakes and, consequently, to simply permit service of this sentence consecutively [sic] with the state sentences in essence is no sanction at all.
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 ... What I am not willing to do is sentence concurrently, because in my view the prior criminal history is this case is such that it is simply not warranted.
 
 
 15
 (R., Vol. III at 6 and 9).
 
 
 16
 Following sentencing, Herrera-Soto's counsel stated that the plea agreement had not been complied with and that she had misunderstood the plea agreement. Thereafter, however, counsel acknowledged that the court correctly determined that the language in the plea agreement, i.e., that the government would not "oppose defendant's request that the sentence to be imposed in this case run concurrently with the state sentences which the defendant is now serving," was clear and unambiguous. The court subsequently rejected Herrera-Soto's attempt to withdraw his plea of guilty.
 
 
 17
 Herrera-Soto then filed the instant motion to correct illegal sentence in which he alleged that the government breached the plea agreement in violation of Santobello v. New York, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"). Herrera-Soto alleged that his defense counsel was incompetent in the handling of his case in violation of his right to effective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 18
 In its order denying Herrera-Soto's motion, the district court ruled:
 
 
 19
 First, my review of the file ... reflects that the sentence imposed in this case was not illegal. Secondly, the record in the criminal action reflects no violation of the tenant of Santobello v. New York, 404 U.S. 257. Finally, there being nothing illegal about defendant's sentence and no breach of the plea agreement with the government, there is nothing additional defense counsel could have argued which would have changed the result. Thus, I find no merit to petitioner's claim of ineffective assistance of counsel.
 
 
 20
 (R., Vol. I, Tab 6).
 
 
 21
 On appeal, Herrera-Soto contends: (1) the terms of the plea agreement were violated when the district court sentenced him to a consecutive term of incarceration; (2) his defense counsel was ineffective; and (3) the district court applied an incorrect standard of law in deciding his case.
 
 I.
 
 22
 Herrera-Soto contends that the district court violated the plea agreement when it ordered that his federal sentence be served consecutively to the state sentences he was presently serving. The violation of a plea agreement is a question of law subject to de novo review. United States v. Robertson, 45 F.3d 1423, 1442 (10th Cir.), cert. denied, --- U.S. ---- (1995).
 
 
 23
 Herrera-Soto argues that his court appointed attorney told him that his federal sentence would be served concurrently with the Colorado sentences he was serving and that "[w]hen the court below sentenced [him] to a consecutive term of confinement, the plea agreement, as understood by [him] ... was violated." (Appellant's Opening Brief at 3). Herrera-Soto contends that under such circumstances, he "is entitled to enforcement of the plea agreement as he understood it which means that the sentence imposed by the court below must be served concurrently with the sentence [he] now serves in the Colorado Department of Corrections." Id. at 6.
 
 
 24
 The government, while acknowledging that under Santobello a sentence must be vacated when a prosecutor fails to abide by a plea agreement, argues that there was no breach or violation of the plea agreement. We agree. It is uncontested that the government honored its agreement not to oppose Herrera-Soto's request that his federal sentence run concurrently with his present state sentences. The record fails to establish any breach or violation of the plea agreement.
 
 
 25
 The record also fails to support Herrera-Soto's contention that he misunderstood the plea agreement or that his attorney had told him that any federal sentence would run concurrently with his state sentences. Initially, during Herrera-Soto's change of plea hearing, the district court carefully reviewed the plea agreement, including section 4 which provided that "[t]he government agrees not to oppose the defendant's request that the sentence to be imposed in this case run concurrently with the state sentences which the defendant is now serving." (R. Vol. I, Tab 5). Moreover, during his sentence hearing Herrera-Soto stated that he "would be very grateful to God and to all of you if I were to be allowed to serve my sentencing all at the same time." (R., Vol. III at 5) (Emphasis added).
 
 
 26
 We hold that the district court properly ruled that the plea agreement was not violated and that Herrera-Soto fully understood the terms of the agreement:
 
 
 27
 All right. Mr. Soto, I will tell you this, the agreement has been carried out precisely as you agreed. At the hearing when your plea was entered on May 21, 1993, I questioned you closely concerning your understanding of this agreement.
 
 
 28
 You identified the agreement. You explained to me and said under oath that you understood it. There is nothing vague or ambiguous about the agreement.
 
 
 29
 * * *
 
 
 30
 * * *
 
 
 31
 Now that has been honored in your case. At this hearing we went over the plea agreement. And you under oath, having sworn to tell the truth, told me that you reviewed the agreement, that you understood it, that you had the benefit of able and competent counsel and able and competent interpreters in going over the terms of the agreement.
 
 
 32
 I independently went over the terms of the agreement with you, and you told me that it was clear and that you understood it.
 
 
 33
 * * *
 
 
 34
 * * *
 
 
 35
 It was clear to me at that time, as it is clear to me today, that you are intelligent. The only reason why you tell me you are confused is because you are disappointed that my sentence did not go with the request unopposed by the government.
 
 
 36
 Now you're not confused, you're not--you don't misunderstand. The only thing, that you are disappointed that the Court gave you a tougher sentence than you expected.
 
 
 37
 Id. at 13-14 and 16.
 
 
 38
 The court's consecutive sentence was in accord with 18 U.S.C. 3584(a) and U.S.S.G. 5G1.3(c). "The plain meaning of [18 U.S.C. 3584(a) ] is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently." United States v. Williams, 46 F.3d 57, 59 (10th Cir.1995).
 
 
 39
 "Section 5G1.3(c) requires a district court to impose a consecutive sentence to the prior undischarged term of imprisonment 'to the extent necessary to achieve a reasonable incremental punishment for the instant offense.' " United States v. Johnson, 40 F.3d 1079, 1083 (10th Cir.1994). The district court properly observed that to permit Herrera-Soto to serve his federal sentence concurrently with his undischarged state sentence would "in essence [be] no sanction at all" and in view of Herrera-Soto's "prior criminal history ... [a concurrent sentence] is simply not warranted." (R., Vol. III at 6 and 9).
 
 II.
 
 40
 Herrera-Soto contends that his defense counsel was ineffective for failing to protect his right to enforcement of the plea agreement.
 
 
 41
 To obtain relief based on a claim of ineffective assistance of counsel a convicted defendant must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The performance and prejudice prongs of ineffective assistance counsel claims are questions of fact and law which we review de novo. United States v. Owens, 882 F.2d 1493, 1501 n. 16 (10th Cir.1989).
 
 
 42
 Herrera-Soto argues that since he understood that he would receive a concurrent sentence under the plea agreement, and since his counsel did nothing to protect his right to enforcement of the plea agreement as he understood it, he was denied effective assistance of counsel.
 
 
 43
 We agree with the district court that "there being ... no breach of the plea agreement with the government, there is nothing additional defense counsel could have argued which would have changed the result .... [and there is] no merit to [Herrera-Soto's] claim of ineffective assistance of counsel." (R., Vol. I, Tab 6).
 
 III.
 
 44
 Herrera-Soto contends that the district court applied an incorrect standard of law in deciding his motion to correct illegal sentence. Herrera-Soto argues that the court considered case law applicable to plea agreements in direct contradiction to Santobello and that he is entitled to relief.
 
 
 45
 Under Santobello, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262. As set forth, supra, the government agreed in the plea agreement not to oppose Herrera-Soto's request that "the sentence to be imposed in this case run concurrently with the state sentences which the defendant is now serving." The government honored this agreement. Under these circumstances, we hold that the district court properly applied Santobello in denying Herrera-Soto's motion to correct illegal sentence.
 
 
 46
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470