73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Emmanuel BANKS, a/k/a Sammy, Defendant-Appellant.
 No. 94-5278.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1995.
Decided Dec. 28, 1995.
 
 ARGUED: Martin Patrick Sheehan, SHEEHAN & NUGENT, Wheeling, West Virginia, for Appellant. Lisa Grimes Johnston, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 ON BRIEF: William D. Wilmoth, United States Attorney, Wheeling, West Virginia, for Appellee.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Emmanuel Banks, appeals the sentence imposed for his drug related conviction. Banks argues the district court abused its discretion in two respects. First, Banks claims he was improperly denied a downward departure and, second, he claims that the federal term of incarceration should be served concurrently with his state sentence. Finding no error, we affirm.
 
 
 2
 * Banks was charged in a three-count indictment returned by a federal grand jury sitting in the Northern District of West Virginia. The indictment charged Banks with violating Title 21 of the United States Code Secs. 841(a)(1), 846, and 860 and Title 18 of the United States Code Sec. 2. On April 2, 1993, Banks made his initial appearance before a judicial officer and was subsequently released from federal custody subject to a $10,000 unsecured bond and the conditions stated therein.
 
 
 3
 While on federal bond, Banks was charged in Ohio County, West Virginia, with the murder of Clyde McGhee as well as the aggravated robbery of Raymond Terry, Jr. The state petit jury acquitted Banks of the murder charge, but found him guilty of two lesser included offenses, namely, aggravated robbery and unlawful assault. Thereafter, Banks was also charged and convicted of receiving stolen property in Ohio County, West Virginia. As a result of such convictions, Banks was sentenced to a thirty-six-year term of imprisonment, to be served in the West Virginia Penitentiary.
 
 
 4
 On December 21, 1993, following a period of negotiations with the United States, Banks signed a written plea agreement wherein he agreed to enter a guilty plea to Count Two of the instant federal indictment, which charged him with distribution of cocaine base within 1,000 feet of a playground. As part of the plea agreement, Banks agreed to fully cooperate with the federal authorities, provide sworn testimony if required and to submit to a polygraph examination upon request. The federal sentencing hearing was scheduled for March 18, 1994, and the Probation Office was ordered to file the presentence report ("PSR") in accord with the established practice in the district.
 
 
 5
 The Probation Officer submitted the PSR and an accompanying addendum and the parties responded thereto. At the sentencing hearing, the trial court applied the provisions of U.S.S.G. Sec. 5G1.3, relating to imposition of sentence upon a defendant subject to an undischarged term of imprisonment, and its application notes. The court selected U.S.S.G. Sec. 2B3.1 relating to robbery as the most analogous federal guideline to the state aggravated robbery offense and calculated an offense level of 31 under this guideline. This became the highest offense level as compared to offense levels calculated for the other offenses of which defendant had been convicted. The court then applied U.S.S.G. Sec. 3D1.4 to determine the combined offense level. Pursuant to the table contained therein, the court assigned one unit to the aggravated robbery, one-half unit to the underlying drug conviction and one-half unit to the conviction in state court for receiving stolen property, for a total of two units. This resulted in a two-level increase in the highest offense level, producing a total offense level of 33. The criminal history category was held to be a III, which produced a range for imprisonment under the Guidelines of 168 to 210 months. The court then considered opinions of the probation officer and a defense expert as to the length of the undischarged term of defendant's state sentence and concluded that a consecutive sentence of fifty-seven months was appropriate to arrive at a total sentence in the mid-range of the Guidelines. This, the court determined, would provide a reasonable incremental punishment for the instant offense, thereby satisfying the mandate of U.S.S.G. Sec. 5G1.3(c). Accordingly, Banks was sentenced to a fifty-seven-month term of incarceration, to be served consecutively to the state sentence, a six-year term of supervised release and a $1,000 fine. Banks appeals the sentence as imposed.
 
 II
 
 6
 Banks first contends that, in calculating the grouped offense level for the aggravated robbery conviction, he should have been granted a three-level reduction since he accepted responsibility for that crime within the meaning of U.S.S.G. Sec. 3E1.1. The determination of whether a defendant's conduct warrants a reduction for acceptance of responsibility is a factual finding which we review under the clearly erroneous standard. 18 U.S.C. Sec. 3742(e); United States v. Gordon, 895 F.2d 932, 937 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 7
 Banks contends that the district court erred in not giving proper consideration to the fact that he fully acknowledged responsibility for two of his three state convictions, unlawful assault and receiving stolen property. However, as to the aggravated robbery conviction, Banks showed no such acceptance and the district court so concluded. The court's findings are supported by the fact that Banks went to trial upon that charge and challenged the state allegations at every turn. While the fact that a defendant puts the government to its burden is not dispositive of the question, it is relevant in determining whether the defendant has accepted responsibility. U.S.S.G. Sec. 3E1.1, comment. (n.2). We recognize that there are rare situations where a defendant exercises his constitutional right to a trial and still receives a reduction for acceptance of responsibility. See, Muldoon, infra. However, absent such rare circumstances, U.S.S.G. Sec. 3E1.1 precludes a downward adjustment for acceptance of responsibility.
 
 
 8
 In United States v. Kleinebreil, 966 F.2d 949 (5th Cir.1992), the court considered whether the acceptance of responsibility adjustment may be applied in a case where the defendant accepts responsibility for some offenses, but not others. Kleinebreil was convicted on two counts charging marijuana violations and one count of assaulting a federal officer. He accepted responsibility for the marijuana charges, but refused to accept responsibility for the assault because it was the subject of pending state charges for attempted capital murder. The district court denied Kleinebreil a two-level reduction in the offense level under U.S.S.G. Sec. 3E1.1. The court of appeals affirmed, rejecting Kleinebreil's argument that failure to grant the two-level reduction in the offense level for the marijuana group penalized him for asserting his Fifth Amendment privilege against self-incrimination upon the attempted capital murder charge. The court held that an adjustment for acceptance of responsibility, if appropriate, is to be applied after the offense levels for groups of multiple counts and the resulting combined offense level have been computed, rather than being first applied to each separate group. The court also indicated that where offenses are being grouped for sentencing, a reduction for acceptance of responsibility is not authorized by the Guidelines unless the defendant has accepted responsibility for all his criminal conduct. Id. at 954.
 
 
 9
 Kleinebreil is consistent with the decision of this court in United States v. Gordon, 895 F.2d 932, 936 (4th Cir.), cert. denied, 498 U.S. 846 (1990). Although Gordon did not involve grouping of multiple counts, it did present the issue of whether the Sec. 3E1.1 reduction was appropriate where defendant had accepted responsibility for some criminal acts, but not others. In Gordon, this court said: "[w]e believe the approach taken by the Second and Fifth Circuits is correct and hold that in order for section 3E1.1 of the guidelines to apply, a defendant must first accept responsibility for all of his criminal conduct." Id. at 936.
 
 
 10
 To distinguish the Kleinebreil rule, Banks contends the circumstances of this case are analogous to those in United States v. Muldoon, 931 F.2d 282 (4th Cir.1991). There, prior to trial, Muldoon offered to plead guilty to the greater offense of bribery provided he could reserve his right to challenge, on appeal, evidence obtained by wiretaps. The United States, finding Muldoon's terms unacceptable, rejected the plea and the case went to trial.
 
 
 11
 During trial, Muldoon's counsel argued the government's evidence only established the lesser offense of accepting illegal gratuities. Nonetheless, Muldoon was ultimately found guilty of the greater offense of bribery. At sentencing, the district court granted a reduction for acceptance of responsibility. On appeal, this court held that "Muldoon's acceptance of responsibility can be said to fit within [the] 'rare situation'," id. at 289, since he neither testified at trial nor introduced any evidence. We reasoned that such factors, in conjunction with Muldoon's pretrial offer to plead guilty to the greater offense of bribery, reserving his challenge on constitutional grounds to the wiretap evidence, constituted rare circumstances absent from most cases. Banks' case is significantly different from Muldoon. Muldoon never testified, whereas Banks took the stand and specifically denied committing robbery. Thus, while Muldoon never specifically denied responsibility, Banks explicitly did. Upon such facts, the district court's conclusion that the "rare circumstances" of Muldoon do not exist in this case is not clearly erroneous.
 
 
 12
 In sum, because Banks failed to affirmatively acknowledge all of the relevant conduct, we find that the district court did not err in denying a reduction for acceptance of responsibility.
 
 III
 
 13
 Banks next contends his federal sentence should run concurrently with his state term. As a basis for this proposition, Banks posits that the district court incorrectly applied U.S.S.G. Sec. 5G1.3 in ruling that "a consecutive sentence of 57 months without the state time is necessary to achieve the total incremental sentence."
 
 
 14
 It is beyond cavil that district courts have liberal discretion in choosing to sentence a defendant to a consecutive or concurrent sentence. 18 U.S.C. Secs. 3553(a), 3584(a) and (b); United States v. Johnson, 40 F.3d 1079 (10th Cir.1994). However, in cases such as this, where the defendant is subject to an undischarged term of imprisonment at the time of sentencing, the court's broad discretion is tempered by U.S.S.G. Sec. 5G1.3.
 
 
 15
 Section 5G1.3(c), policy statement, provides that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." When such provision is applicable, the sentencing court must employ the methodology articulated therein in determining whether to impose a consecutive or concurrent sentence. Such methodology is clearly explained by U.S.S.G. Sec. 5G1.3(c), policy statement, Application Note 3, which states in pertinent part:
 
 
 16
 [t]o the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed on Sec. 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time. Moreover, "[i]n determining whether to impose a term concurrently or consecutively, the court must consider the factors set forth in 18 U.S.C. Sec. 3553(a)." United States v. Wiley-Dunaway, 40 F.3d 67, 69 (4th Cir.1994); 18 U.S.C. Sec. 3584(b). When considering the factors prescribed by 18 U.S.C. Sec. 3533(a), the court must, inter alia, weigh the range and nature of the United States Sentencing Guidelines in effect at the time of the sentencing. Wiley-Dunaway, 40 F.3d at 69.
 
 
 17
 Applying the foregoing to the matter at hand, it is clear that the district court considered all relevant factors and properly weighed the competing interests under the circumstances. The court's imposition of a consecutive sentence was ultimately based upon its finding that "a consecutive sentence of 57 months without the state time is necessary to achieve the total incremental sentence." Such finding demonstrates that the district court utilized the proper standard and made the appropriate findings under Sec. 5G1.3 and the other pertinent provisions. Cf. United States v. Brassell, 49 F.3d 274, 278 (7th Cir.1995) (vacating and remanding in part for court's failure to consider proper methodology); and Johnson, supra (defendant had to be resentenced since the district court failed to apply the proper methodology set forth in the Guidelines).
 
 
 18
 Accordingly, we find the district court operated within its discretion in ordering Banks' federal sentence to run consecutively to the undischarged state sentence.
 
 The sentence of the district court is thus
 
 19
 AFFIRMED.