UNITED STATES COURT OF APPEALS

**Filed 3/27/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff - Appellee,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀No. 95-3171
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀(D.C. No. 94-20072-01)
JAMES MATTHEW ZIMMERMAN,⠀⠀⠀)⠀⠀⠀(District of Kansas)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant - Appellant.⠀⠀⠀)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges

Defendant James M. Zimmerman entered a plea of guilty to a single-count indictment charging him with unlawful possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Zimmerman to a ninety-six-month term of incarceration and three years of supervised release. The sentence was based on an adjusted offense level of 21, which included a four-level enhancement under

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of order and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.S.G. § 2K2.1(b)(5) for possession of a firearm "in connection with another felony offense."

Zimmerman appeals the district court's calculation of his sentence, claiming that the district court erred when it applied the four-level enhancement under section 2K2.1(b)(5). As an additional point on appeal, Zimmerman asserts that even if the 2K2.1(b)(5) enhancement was proper, the district court erred when it refused to impose his sentence to run concurrently with an undischarged state sentence. **We affirm**.

## BACKGROUND

On August 30, 1994, officers of the Johnson County Sheriff's Office responded to a vehicle stop in DeSoto, Kansas. The officers arrested David Holly, a passenger in the car, on an outstanding felony warrant. During a search incident to his arrest, officers seized a motel key from Holly. The officers determined that the room had been rented by the driver of the car in which Holly was riding. The driver gave the officers written consent to search the motel room. While the officers were searching the room, the telephone rang and a caller who identified himself as "Dog" apologized for missing an appointment with Holly. Deputy Charles Black remained in the room and monitored phone calls from Dog. In a subsequent call, Dog indicated that he wanted to come over to the room to complete the deal which he had previously arranged with Holly. After several additional calls, including one where Dog informed Officer Black that it was not

- 2 -

safe to be out because there were plain-clothes police officers everywhere, Dog arrived at the motel. He was promptly arrested by Black and other officers.

During a search incident to his arrest, officers found a loaded Ruger P89DC 9mm semiautomatic pistol and a black nylon holster under Dog's shirt. They also recovered additional ammunition from Dog's right rear pocket, $2,587 in United States currency, a small plastic bag containing methamphetamine, a small blue plastic container filled with marijuana and Zig-Zag rolling papers, and a mobile phone pager. Although he refused to identify himself at the time, police eventually identified Dog as the defendant James M. Zimmerman. Zimmerman was prosecuted for and pled guilty to felony possession of methamphetamine and marijuana in the Kansas state criminal justice system.

On September 22, 1994, a one-count indictment was returned by the grand jury for the United States District Court for the District of Kansas charging Zimmerman with unlawful possession of a firearm by a convicted felon. After Zimmerman pled guilty to the charge, the district court ordered the Probation Office to prepare a presentence report. In a portion of that report, the author recommended that Zimmerman's Total Offense Level be increased by four pursuant to section 2K2.1(b)(5) of the Sentencing Guidelines because Zimmerman "used the firearm in this offense in connection with another felony offense, Johnson County, Kansas Case No. 94CR3067." Case No. 94CR3067 was Zimmerman's state conviction for possession of marijuana and methamphetamine.

- 3 -

Zimmerman objected to the proposed enhancement, arguing that the weapon possession was simply incidental (*i.e.*, not connected) to his possession of a personal-use quantity of drugs. In response to Zimmerman's letter, the U.S. Attorney submitted a letter and sentencing memorandum asserting that a four-level enhancement pursuant to section 2K2.1(b)(5) was proper for the reason that Zimmerman's possession of the firearm was in connection with his attempt to purchase illegal drugs at the time of his arrest, a felony under federal law.

At the sentencing hearing, the district court adopted both the theory for enhancement advocated by the probation officer and the theory proposed by the U.S. Attorney. The district court made the following findings in relation to the 2K2.1(b)(5) enhancement:

> Well, the Court does find that a preponderance of the evidence supports an enhancement recommended by the presentence report under Section 2K2.1(b)(5).
>
> Really, in making this finding, the Court adopts both of the premises which the Government has argued. The first being that the firearm was possessed in connection with the felony offense which resulted in defendant's conviction in Johnson County, Kansas, in Case No. 94CR3067. And I agree with Mr. Streepy's analysis that for this defendant any possession of drugs would be a felony, and that a sufficient connection was established through circumstantial evidence that the defendant was carrying a firearm to protect himself, if nothing else, in the case of arrest.
>
> I also adopt really substantially verbatim the proposition that Mr. Zimmerman went to this motel in the middle of the night to do a drug transaction. I think there's no reasonable inference otherwise which the record will support.

If the Government is required to prove the specific drug which was intended to be purchased or the specific amount, I am not aware of any authority for that, and I guess the Tenth Circuit will have to let us know that that is a requirement.

After the district court announced a proposed sentence of ninety-six months, Zimmerman asked the Court to impose the sentence to run concurrently with the undischarged term of confinement imposed by the State of Kansas on the possession charge. Zimmerman based his request on section 5G1.3(b) of the Sentencing Guidelines which requires imposition of a concurrent term when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." In plain language, section 5G1.3 provides that if the sentence for a federal crime was enhanced by reference to the crime for which the defendant is serving an undischarged state prison sentence, the federal sentence must run concurrently with the undischarged state sentence.

The district court refused to impose the sentence to run concurrently with the state prison term. According to the district court, the undischarged state prison term was not fully taken into account in the determination of the federal sentence because the 2K2.1(b)(5) enhancement was based on alternative grounds (*i.e.*, the state possession conviction and/or the uncharged federal attempt). Anticipating that this ruling might be appealed, the district court made the following additional ruling: "In the alternative, if I'm wrong about that, I would base my findings solely on the attempt theory and rise or

fall on that prong alone.  But I'm not going to impose this concurrently.  So I guess that is my alternative finding on that argument."

Zimmerman appeals the sentence claiming that: (1) the district court erred in enhancing his sentence pursuant to section 2K2.1(b)(5); and (2) even if the 2K2.1(b)(5) enhancement is appropriate, his federal sentence should run concurrently with his undischarged state sentence.

## DISCUSSION

An enhancement under section 2K2.1(b)(5) of the sentencing guidelines is appropriate when "the defendant used or possessed any firearm or ammunition *in connection* with another felony offense."  U.S.S.G. § 2K2.1(b)(5) (emphasis added).  As the commentary to section 2K2.1(b)(5) makes clear, felony offense "means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained."  U.S.S.G. § 2K2.1(b)(5), application note 7.  In sentencing Zimmerman, the district court found that a 2K2.1(b)(5) enhancement was appropriate on two grounds: (1) Zimmerman possessed the weapon in connection with his state felony conviction for possession of methamphetamine and marijuana; and (2) Zimmerman possessed the weapon in connection with an uncharged, but proven, attempt to purchase drugs.

On appeal, Zimmerman challenges both grounds identified by the district court as supporting an enhancement under 2K2.1(b)(5). As to the first ground, Zimmerman claims that the district court erred in finding that his possession of a weapon was somehow "connected to" his possession of a personal use quantity of drugs. Instead, Zimmerman argues that possession of the weapon was merely incidental to his state felony drug possession conviction. Because the weapon did not "facilitate" his drug possession felony, Zimmerman asserts that the 2K2.1(b)(5) enhancement was improper. *See United States v. Gomez-Arrellano*, 5 F.3d 464, 466-67 (10th Cir. 1993) (holding that 2K2.1(b)(5) enhancement is proper where government shows that the weapon facilitated or had the potential to facilitate a felony). As to the second ground identified by the district court, Zimmerman contends that the "factual record is simply inadequate to determine whether his intent to purchase some kind of controlled substance constitutes a felony under 2K2.1(b)(5)."[1] Because we conclude that Zimmerman's sentence was

---

[1]Although it is somewhat unclear from his brief, Zimmerman does not appear to challenge the district court's conclusion that his actions are sufficient to constitute substantial steps toward the commission of a drug purchase. *See United States v. Monholland*, 607 F.2d 1311, 1318, 1320 (10th Cir. 1979) (holding that component parts of attempt are a specific intent to commit offense together with performance of acts which constitute substantial steps towards its commission). Instead, Zimmerman's brief focuses on the issue of whether his specific intent to purchase drugs constitutes a felony. To the extent that Zimmerman's brief can be read as stating a challenge to the conclusion that he committed acts which are sufficient to constitute a substantial step toward the commission of a drug purchase, we conclude that the government has met its burden of proving by a preponderance of the evidence that Zimmerman committed such acts. *See United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir. 1995) ("The government must prove a sentence enhancement by a preponderance of the evidence.").

properly enhanced on the ground that he possessed a weapon "in connection" with a felony attempt to purchase drugs, we do not address the propriety of the first ground for enhancement identified by the district court.

We conclude that there is ample support in the record for the district court's conclusion that Zimmerman's attempt to purchase drugs, no matter what type of drugs he specifically intended to purchase, constituted a felony. Zimmerman makes much of the fact that the district court specifically declined to make a finding as to what type of drug he intended to purchase at the motel room. According to Zimmerman, such a finding is critical because an attempt to purchase marijuana is a misdemeanor under Kansas law, while an attempt to purchase methamphetamine is a felony under Kansas law. Without a finding as to what type of drug he intended to purchase, Zimmerman contends that it is impossible to tell if the enhancement was appropriate.

Although we are puzzled by the district court's refusal to make a finding as to what type of drug Zimmerman intended to purchase,[2] that decision is of no moment

---

[2]We note that there is ample evidence in the record from which the district court could have concluded that Zimmerman went to the motel room to purchase methamphetamine. During Zimmerman's plea hearing, the district court asked the U.S. Attorney what evidence it would produce if this case were to go to trial. During a portion of the proffer, the U.S. Attorney indicated that "While the officers were [in the motel room], they received a phone call from a man who wanted to purchase some methamphetamine." At the conclusion of this proffer, the district court engaged in the following colloquy with Zimmerman:

The Court: Mr. Zimmerman, do you have any disagreement at all with what

(continued...)

because any attempt on the part of Zimmerman to purchase drugs, no matter what kind, is

felony under federal law.  21 U.S.C. § 844 provides as follows:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter.  Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year . . . , *except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug or narcotic offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years . . . .*

21 U.S.C § 844(a) (emphasis added).  Furthermore, 21 U.S.C. § 846 provides that "[a]ny

person who attempts or conspires to commit any offense defined in this subchapter shall

be subject to the same penalties as those prescribed for the offense, the commission of

which was the object of the attempt or conspiracy."  Thus, if Zimmerman had at least one

---

(...continued)

> the Government says it has in the way of evidence against you?
>
> [Zimmerman]: No, I don't.
>
> The Court: Are you admitting to the Court, then, that you did, in fact, do exactly what Mr. Streepy has indicated?
>
> [Zimmerman]: Yes, I am.

In addition to this admission, one of the arresting officers testified that he found methamphetamine residue in the motel room and that Zimmerman had a small amount of methamphetamine on his person when he was arrested.  These facts, when taken together, support an inference that Zimmerman went to the motel room to purchase methamphetamine.

prior conviction for drug possession, any attempt on his part to purchase drugs would constitute a felony under sections 844 and 846 of Title 21.

The presentence report details, at length, Zimmerman's criminal history. That history includes no less than five prior convictions for possession of drugs.[3] With this history before it, the district court was entirely justified in finding that Zimmerman's attempt to purchase drugs was a felony under sections 844 and 846 of Title 21, regardless of the type of drug that Zimmerman was attempting to purchase.

Having resolved Zimmerman's contentions with regard to the appropriateness of the 2K2.1(b)(5) enhancement, we next consider his claim that the district court erred when it refused to impose his sentence to run concurrently with his undischarged state sentence for drug possession. Section 5G1.3 of the Sentencing Guidelines provides as follows:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the

---

[3]We note that 21 U.S.C. § 851 provides that a prior conviction must have been obtained in accordance with the United States Constitution before it can be used to enhance a sentence under sections 844 and 846 of Title 21. Zimmerman has not, however, made any claim that the prior convictions set out in the presentence report are constitutionally infirm. Accordingly, it is perfectly appropriate to consider those convictions in considering whether the 2K2.1(b)(5) enhancement was appropriate.

- 10 -

sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3. This court has recognized that the intended purpose of § 5G1.3(b) is to effectively credit for guidelines purposes defendants who have already served time for the same conduct or course of conduct that was used to enhance that defendants federal sentence. *United States v. Johnson*, 40 F.3d 1079, 1082 (10th Cir. 1994). Accordingly, section 5G1.3 requires a district court to impose a concurrent sentence when "(1) a defendant is subject to an undischarged term of imprisonment, and (2) the conduct underlying the undischarged term of imprisonment has been 'fully taken into account in the determination of the offense level for the instant offense.'" *Id.* (quoting U.S.S.G. § 5G1.3(b)).

Before the district court, Zimmerman argued that his federal sentence should run concurrently with his state sentence because the court had considered his state possession conviction to enhance his sentence. In response, the district court stated that

> I am not going to voluntarily impose this sentence concurrently because, number one, I think the--as I read 5G1.3(b), the undischarged term of imprisonment does not "fully" take into account the determination of the offense level because I based my findings with regard to the enhancement on separate grounds.
>
> In the alternative, if I'm wrong about that, I would base my findings solely on the attempt theory and rise or fall on that prong alone. But I'm not going to impose this concurrently.

On appeal, Zimmerman claims that section 5G1.3(b) is applicable even if the 2K2.1(b)(5) enhancement is based solely on the attempt theory because the possession and attempt

- 11 -

were both part of the same course of conduct. Because, according to Zimmerman, section 5G1.3(b) applies to defendants who have already served time for the same course of conduct, the district court should have imposed his federal sentence to run concurrently with his undischarged state possession sentence. *See Johnson*, 40 F.3d 1082.

Zimmerman's analysis misses the mark. Section 5G1.3(b) applies only where the conduct or course of conduct underlying an undischarged sentence has been considered in arriving at the offense level for the instant federal offense. U.S.S.G. § 5G1.3 application note 2. Although the district court identified Zimmerman's state possession felony as a potential ground for enhancement, it ultimately based the 2K2.1(b)(5) enhancement exclusively on the federal attempt felony. Thus, in arriving at the offense level for Zimmerman's federal firearms charge, the conduct or course of conduct underlying his state possession felony was not even considered, let alone "fully taken into account." Because the conduct or course of conduct underlying the state possession conviction was ultimately not considered in calculating Zimmerman's federal weapons sentence, the district court was not obligated to impose his federal sentence to run concurrently with his undischarged state sentence.

The judgment of the district court is **AFFIRMED.**

ENTERED FOR THE COURT

Michael R. Murphy
United States Circuit Judge

- 12 -