UNITED STATES of America, Plaintiff,

v.

**Michael M. MINITZ, Defendant.**

**Civil Action No. 91–40045–01–DES.**

United States District Court,
D. Kansas.

March 4, 1997.

---

248

Michael M. Mintz, White Deer, PA, pro se.

Richard L. Hathaway, Gregory G. Hough, Office of United States Attorney, Topeka, KS, for Plaintiff.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant's Motion to Correct Judgment (Doc. 490).

Judgment was entered against Mr. Mintz on April 24, 1995. The defendant had pleaded guilty to possession with intent to distribute or dispense marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), with reference to 21 U.S.C. § 812 and 21 U.S.C. § 841(b)(1)(A). The defendant received a sentence of 120 months, to run concurrently with a 121–month sentence imposed by the Southern District of Florida on March 3, 1992.

On March 28, 1996, the court denied the defendant's Motion for Order Clarifying Intention of Court's Sentencing Order and for Appropriate Relief and Motion to Reopen Sentencing Proceeding. The defendant argued at that time that the approximately three-year period of time that he spent in custody between his sentencing in the Southern District of Florida and his sentencing by this court should be credited toward both sentences. The court held that because the three-year period had been credited toward his Southern District of Florida sentence, the period could not be credited a second time toward his District of Kansas sentence. 18 U.S.C. § 3585(b).

The defendant now moves pursuant to Fed.R.Crim.P. 36. Rule 36 provides that "[c]lerical mistakes in judgments [or] orders

may be corrected by the court at any time". Mr. Mintz argues that pursuant to § 5G1.3(b) of the United States Sentencing Guidelines, the court must reduce his sentence for the instant offense by any time served in connection with a related unexpired sentence of imprisonment.

U.S.S.G. § 5G1.3(b) provides that when "an undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." Application Note 2 to § 5G1.3(b) explains that "[w]hen a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.... [T]he court should note on the Judgment in a Criminal Case Order that the sentence imposed is not a departure from the guideline range because the defendant has been credited for guideline purposes under § 5G1.3(b) with six months served ... that will not be credited to the federal sentence under 18 U.S.C. § 3585(b)."

Section 5G1.3(b) does not apply in this case, however, because Mr. Mintz's undischarged term of imprisonment in the Southern District of Florida did not result from offenses that were fully taken into account in the determination of the offense level for the instant offense. The court made the following finding at the defendant's sentencing in this case:

The court finds that the presentence investigation report correctly uses 1,000 or more marijuana plants to calculate the defendant's guideline range. The District of Kansas has not included any amount of drugs connected with the defendant's case in Florida. Further, the federal court in Florida did not include any amount of drugs involved in the Kansas case.

Section 5G1.3(b) does not apply where the conduct underlying the defendant's undischarged sentence was not considered as relevant conduct in determining the defendant's instant offense level. *United States v. Johnson*, 40 F.3d 1079, 1083 (10th Cir.1994).

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion to Correct Judgment (Doc. 490) is denied.