**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN CHRISTOPHER SMITH,

    Defendant - Appellant.

No. 03-6097
(D.C. No. 02-CR-129-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

    Defendant-Appellant John Christopher Smith appeals from his sentence upon a conviction by jury for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). The district court sentenced Mr. Smith to 188 months in federal prison, to run consecutively to the undischarged prison term that he was serving at the time in the Oklahoma Department of Corrections. A supervised

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

release term of three years was also imposed.  Our jurisdiction arises under 28

U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we remand to the district court for

resentencing.

Background

In the early morning hours of a Sunday in March 2002, security guards

were patrolling the Club Lexus nightclub in Oklahoma City when a blue Suburban

sped by into the parking lot.  II R. at 73, 119-20, 133.  Inside the Suburban were

Mr. Smith and four others.  Id. at 81, 91.  A security guard approached the

Suburban and alerted another guard that he had seen a gun.  Id. at 88-89.  While

the Suburban turned toward the other side of the parking lot, two guards moved

toward it with guns drawn, ordering the driver to stop.  Id. at 89-90.  Eventually,

the driver was taken out of the car and handcuffed.  Id. at 37, 53, 69.  A security

guard testified that Mr. Smith was in the rear passenger seat holding a Glock

pistol.  Id. at 81-82.  After the other four occupants had been removed from the

car, a Glock pistol was found in the back seat of the car.  Id. at 123-24.

Because Mr. Smith had a prior felony conviction, he was charged with

violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  After a two-day

jury trial, Mr. Smith was convicted.

In the presentence report (PSR), the probation office found Mr. Smith's

adjusted offense level to be 26. VI R. at 6 ¶ 23. However, because Mr. Smith was an armed career criminal under 18 U.S.C. § 924(e), his total offense level was determined to be 33. Id. ¶ 24. With a criminal history category of IV, the guideline sentence range was determined to be 188 to 235 months. Id. at 16 ¶ 61.

On appeal, Mr. Smith urges us to remand for resentencing because the district court (1) erroneously believed that it was mandated to order his sentence to run consecutively to his undischarged term of imprisonment for his parole revocation under U.S.S.G. § 5G1.3, and (2) erred in failing to apply the "analytical methodology" required in the commentary to U.S.S.G. § 5G1.3(c). The government concedes that the case should be remanded for clarification of whether the sentence was ordered consecutive by mandate or discretion, and if by discretion, the reasons therefor as suggested by U.S.S.G. § 5G1.3, cmt. n.3.

We review a district court's application and interpretation of the Sentencing Guidelines de novo. United States v. Tisdale, 248 F.3d 964, 975 (10th Cir. 2001). In addition, we review de novo whether a district court has adequately set forth the reasons for a particular sentence. See United States v. Wilson, 7 F.3d 828, 839 (9th Cir. 1993).

<u>Discussion</u>

A.    Consecutive Sentencing

At the time of this offense, Mr. Smith was on state parole. After his arrest in this federal case, his state parole was revoked for technical violations. VI R. at 8-10 ¶¶ 28-30. As a result of Mr. Smith's parole violation, the state court ordered him to serve 1,026 days (2 years, 10 months). At the time of his sentencing in this case, he was still serving that state sentence.

Mr. Smith's revised PSR stated:

> Pursuant to Application Note 6 of U.S.S.G. § 5G1.3, as the defendant was on parole at the time of the instant offense and has had such parole revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of parole in order to provide an incremental penalty for the violation of parole.

<u>Id.</u> at 16 ¶ 61.

Both parties agree that Mr. Smith's sentence is dictated by U.S.S.G. § 5G1.3(c). That section applies to sentencing a defendant who is subject to an undischarged term of imprisonment (with certain exceptions not applicable here, U.S.S.G. § 5G1.3(a)-(b)), and provides that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

Application note 6 of the commentary further explains:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense <u>should</u> be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

U.S.S.C. § 5G1.3 cmt. n.6 (emphasis added). Finally, application note 4 to U.S.S.G. § 7B1.3, regarding the revocation of probation or supervised release, provides that "it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."

We have refused to join those circuits that have held note 6's language to be mandatory. <u>See</u> <u>United States v. Tisdale</u>, 248 F.3d 964, 977 (10th Cir. 2001) (collecting cases). Sentencing courts therefore have the discretion to decide under § 5G1.3 and application note 6 whether to impose a sentence to run concurrently with, partially concurrently with, or consecutively to, an undischarged prison term. <u>Id.</u> at 979.

Mr. Smith points to three statements of the district court tending to show that the district judge was not cognizant of her discretion:

1. "The facts set out in the presentence report support and <u>require</u> the conclusions found in the presentence report. Those will be my conclusions, including paragraphs 24 and 61, to which you now lodge an objection." 5 R. at 8-9 (emphasis added);

2.      "[U]nder the guidelines the sentence will not be imposed concurrently." <u>Id.</u> at 9; and

3.      "You simply object to the . . . prohibition against running these sentences concurrently. Is that accurate?" <u>Id.</u> at 6-7.

In light of these statements, it is not clear that the district court understood it had the discretion to impose the federal sentence to run concurrently with the state sentence. On remand, the district court should resentence in light of this discretion.

B.      Analytical Methodology

Mr. Smith next argues that the district court, in imposing a consecutive sentence, did not comply with application note 3 of U.S.S.G. § 5G1.3. Note 3 states:

> To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:
> (a)    the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> (b)    the time served on the undischarged sentence and the time likely to be served before release;
> (c)    the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> (d)    any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n.3.

We have stated that "[t]he court must attempt to calculate the reasonable incremental punishment that would be imposed" under application note 3. <u>United</u>

States v. Johnson, 40 F.3d 1079, 1083 (10th Cir. 1994) (internal quotation marks omitted). While we have noted that "the district court is not required to make specific findings for the factors listed in the application notes," United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002), such departures from the general requirement of § 5G1.3(c) are appropriate only when it will be "impracticable for a district court to fully apply the methodology." Johnson, 40 F.3d at 1084. In such a case, however, "[t]he court must . . . state its reasons for abandoning the commentary methodology in such a way as to allow us to see that it has considered the methodology." Id. (internal quotation marks omitted).

In the instant case, the district judge merely indicated that she was imposing a consecutive sentence in order to "protect[] the public for a significant length of time and [to set] an example to others who may intend to follow the same conduct," (5 R. at 10), and that the sentence was based on those "facts set out in the presentence report," (id. at 8). From these statements, there is no indication that the district court employed the applicable methodology under § 5G1.3(c) or otherwise found it impracticable to do so when it imposed Mr. Smith's consecutive sentence. Should this issue arise again on remand, the district court should address reasonable incremental punishment under § 5G1.3(c). If the district court departs from the analysis required pursuant to § 5G1.3(c), it must explain its rationale for doing so.

We therefore REMAND the case to the district court for resentencing proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge