**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

No. 99-2147

JOHN NORBERT CONTRERAS,

    Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-98-75-BB)

Benjamin A. Gonzales, Assistant Federal Public Defender, Albuquerque, New Mexico,
for Defendant-Appellant.

Robert D. Kimball, Assistant United States Attorney (John J. Kelly, United States
Attorney, with him on the brief), Albuquerque, New Mexico for Plaintiff-Appellee.

Before **BALDOCK**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Defendant John Norbert Contreras pled guilty to bank robbery in violation of 18

U.S.C. § 2113(a). He now appeals the resulting sentence of 151 months imprisonment.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

## I.

In May 1998, a New Mexico state court sentenced Defendant to eleven years imprisonment for a robbery Defendant committed in November 1997. In December 1998, Defendant subsequently pled guilty in federal district court to an August 1997 bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced Defendant as a career offender under U.S.S.G. § 4B1.1 to 151 months imprisonment. The district court denied Defendant's motion for a concurrent sentence pursuant to § 5G1.3(b) and instead imposed the instant sentence consecutive to his state robbery sentence pursuant to § 5G1.3(c). The court concluded that § 5G1.3(b) did not apply because the court based its determination that Defendant was a career offender on two specific prior violent felony convictions, rather than on the recent state robbery conviction.

On appeal, Defendant argues the district court erred by ordering his federal sentence to run consecutively to his state sentence because U.S.S.G. § 5G1.3(b) requires a concurrent sentence. Defendant does not challenge the district court's particular application of § 5G1.3(c) in imposing his consecutive sentence, but only the court's decision to apply that section rather than § 5G1.3(b). We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. Chavez-Valenzuela, 170 F.3d 1038, 1039 (10th Cir. 1999).

## II.

In general, a district court has broad discretion to sentence a defendant to a

consecutive or concurrent sentence.  See 18 U.S.C. §§ 3553(a), 3584(a), (b); United States v. McCarty, 82 F.3d 943, 950 (10th Cir. 1996).  This discretion is limited, however, by U.S.S.G. § 5G1.3 when the district court seeks to impose a consecutive or concurrent sentence upon a defendant subject to an undischarged term of imprisonment.  See United States v. Johnson, 40 F.3d 1079, 1082 (10th Cir. 1994).  Section 5G1.3(a) requires a consecutive sentence when the defendant committed the instant offense while serving a term of imprisonment, or before the defendant began serving a term.  Section 5G1.3(b) applies when subsection (a) does not, and requires a concurrent sentence if the "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account" in the determination of the instant offense level.  Section 5G1.3(c) applies in any other case and authorizes the district court to impose a sentence to run concurrently, partially concurrently, or consecutively to the undischarged sentence "to achieve a reasonable punishment."[1]

---

[1]  U.S.S.G. § 5G1.3, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment, provides in full,

(a)     If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b)     If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for

(continued...)

3

The parties agree that subsection (a) does not apply. Rather, Defendant argues that subsection (b) mandates the imposition of a concurrent sentence because the district court fully took into account his state robbery conviction when determining his career offender status under U.S.S.G. § 4B1.1.[2] We disagree. U.S.S.G. § 5G1.3(b)'s central aim is to ensure no defendant is punished twice for the same crime. United States v. Caraballo, 200 F.3d 20, 26 (1st Cir. 1999). Accordingly, section 5G1.3(b) provides "credit for guidelines purposes [to] defendants who have already served time–generally in another jurisdiction–for the same conduct or course of conduct." Johnson, 40 F.3d at 1082.

Section 5G1.3(b) does not apply in this case because the district court did not fully take into account Defendant's May 1998 state robbery conviction in determining the offense level of the instant offense. The district court determined that Defendant was a

---

[1](...continued)
> the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c)    (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

[2] U.S.S.G. § 4B1.1 provides,

A Defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

4

career offender pursuant to U.S.S.G. § 4B1.1. Section 4B1.1 requires a defendant to have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" to be considered a career offender. Defendant has a total of eleven prior violent felony convictions in addition to the May 1998 violent felony conviction. The district court expressly relied on two such convictions when it determined Defendant was a career offender pursuant to § 4B1.1. Those two convictions occurred in August 1982 and September 1990. Consequently, § 5G1.3(b) does not apply because the district court did not "fully take[] into account" the May 1998 state robbery conviction in determining the offense level for the instant offense. See Johnson, 40 F.3d at 1082 (§ 5G1.3(b) inapplicable where presentence report described conduct underlying state sentences but court gave no indication that such conduct was considered to determine offense level for federal sentence); Caraballo, 200 F.3d at 20 (§ 5G1.3(b) inapplicable where state conviction did not affect federal offense level, did not impact criminal history category, and federal conspiracy conviction was grounded in eight other burglaries in addition to state conviction); United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996) (§ 5G1.3(b) inapplicable where state conviction used to calculate defendant's criminal history, but not to determine base offense level).

Therefore, U.S.S.G. § 5G1.3(c), not § 5G1.3(b), applies to Defendant's case. Subsection (c) grants the district court discretion to impose either a concurrent or consecutive sentence, or a combination thereof. The district court chose to impose a

5

consecutive sentence.  Defendant does not challenge, and we do not address, the district court's particular application of § 5G1.3(c) in imposing his consecutive sentence.

AFFIRMED.