**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN R. CORDERO, also known as
Juan Ramon Cordero-Elizalde,

Defendant-Appellant.

No. 00-1237
(D.C. No. 99-CR-399-3-N)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Juan Ramon Cordero appeals the district court's imposition of consecutive sentences upon the revocation of his probation. Because the court fully discussed the factors it considered in arriving at its sentence, we affirm.

In 1998, defendant was convicted of introducing into commerce misbranded prescription drugs from Mexico in case number 98-1051M, and was sentenced to probation. While on probation, defendant was again arrested and charged with an eight-count indictment of illegally importing and dispensing misbranded prescription drugs, in case number 99-CR-399-S. The government filed a motion to revoke defendant's probation, and the two cases were consolidated.

Defendant elected to plead guilty to one count of introducing misbranded prescription drugs, and the district court sentenced him to six months' incarceration in case number 99-CR-399-S. The court then accepted defendant's guilty plea as a confession in case number 98-1051M, revoked his probation, and sentenced him to four months' incarceration, to run consecutively to the six month sentence in case number 99-CR-399-S.

On appeal, defendant argues that he was entitled to consideration of concurrent sentences pursuant to United States Sentencing Guideline (USSG) 5G1.3, and that the district court did not set out its reasons for choosing to impose consecutive sentences. The government argues that USSG 5G1.3 does not apply in this case because defendant was not "subject to an undischarged term of

imprisonment" when he committed the second offense, and that, in any event, the district court set forth its reasons for imposing consecutive sentences.

We review the district court's decision whether to impose concurrent or consecutive sentences for an abuse of discretion, unless the district court's discretion is limited by the sentencing guidelines, in which case we review the interpretation and application of the guidelines de novo. United States v. Contreras, 210 F.3d 1151, 1152 (10th Cir. 2000). In this case we need not decide whether USSG 5G1.3 applies, because even if it does, it is obvious from the record that the district court knew it had discretion to sentence defendant consecutively or concurrently, and that it adequately identified the factors it relied on in fashioning defendant's sentences.[2]

---

[2]    Although defendant argues that his offense level for the second misbranded drug conviction was increased based on his first misbranded drug conviction, he does not really argue that USSG 5G1.3(b) required concurrent sentences, arguing instead that the conflict between various provisions should have prompted the district court to exercise its discretion in favor of concurrent sentences. We note that the sentences that are running consecutively are for defendant's second misbranded drug conviction and his probation violation, not his first misbranded drug conviction.  See United States v. Bermudez, 974 F.2d 12, 13-14 (2d Cir. 1992) (holding defendant's violation of supervised release was a separate offense from the crime that led to original imprisonment). As defendant's probation violation was not considered in setting the offense level for the second misbranded drug conviction, it was not "fully taken into account in the determination of the offense level." USSG 5G1.3(b);    see Contreras, 210 F.2d at 1153 (holding 5G1.3(b) didn't apply when conviction was not relied upon to determine offense level);    United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998) (holding 5G1.3(b) did not apply when offense was not considered in

(continued...)

To permit meaningful appellate review, a district court must state its reasons for imposing consecutive sentences. United States v. Rose, 185 F.3d 1108, 1112-13 (10th Cir. 1999). Here, at the beginning of the sentencing hearing, the district court informed defendant that the hearing involved both sentences, and advised him that although the court had discretion to impose either a concurrent or a consecutive sentence on the probation violation, it would most likely impose a consecutive sentence "since there are two separate violations." Appellant's App., Ex. B at 4. After listening to counsel's arguments for sentencing in case number 99-CR-399-S, the court made the following observations:

> THE COURT: Well, the big problem I have with Mr. Cordero . . . is, number one, of course he was the supplier. The other two were simply dispensing Mexican or adulterated drugs.
>
> But the big difference is the fact that Mr. Cordero on the 6th of March of 1998 . . . . entered a plea of guilty and was sentenced to probation in that case. . . .
>
> Now he's still on probation for that offense, which is very similar to the one he's involved with today, when he was arrested for this offense. That bothers me. He doesn't seem to be getting the point.
>
> . . . .

---

[2](...continued)
determining offense level, but was included in criminal history points); United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996) (same).

He doesn't seem to get it, that you can't haul Mexican drugs into the United States in violation of law.

. . . .

[T]he man has obviously been involved in this for some time, and he's not involved on a small scale. This wasn't a half dozen bottles of pills. This was 28 boxes in the previous offense. So you can see why I am somewhat concerned.

Id. at 8-9, 10-11.

The district court reiterated its concerns with defendant's conduct while imposing sentence. Noting that sentences are imposed for several reasons–punishment, preventing disparity, preventing crime, promoting respect for the law, and rehabilitating the offender–the court concluded that in light of defendant's commission of the offense while on probation for the same offense, a halfway house would not adequately reflect punishment, avoid disparity, or promote respect for the law. Id. at 17. The court then turned immediately to the probation violation. After listening to defense counsel's request for concurrent sentencing based on "the same arguments," id. at 20, and the government's argument for consecutive sentences to avoid disparity with the sentence of a codefendant, the district court chose the bottom of the sentencing range and ordered the sentences to be served consecutively.

The record makes it clear that the district court, the defense attorney, and the government, all understood that the same arguments applied to both sentences

as did the court's on-the-record discussion of the factors it considered.  The court was not required to reiterate its analysis to meet some pro forma sentencing requirement, it is clear what factors the court relied upon and why it imposed the sentences it did.  As we are not "left in the zone of appellate speculation," Rose, 185 F.3d at 1112 (quotation omitted), we conclude that the district court considered the appropriate factors and did not abuse its discretion by imposing consecutive sentences.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge