UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                            No. 00-4811

MICHAEL SCOTT THOMPSON,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-00-131-2)

Submitted: March 30, 2001

Decided: April 13, 2001

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Brian J.
Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John
H. Tinney, Jr., Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Scott Thompson appeals the 37-month sentence he received after he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Thompson argues that the district court erred in finding that United States Sentencing Commission, *Guidelines Manual*, § 5G1.3(c) (Nov. 1998) applied rather than § 5G1.3(b), and in imposing a sentence consecutive to his undischarged probation revocation sentence. We affirm.

Thompson was serving a three-year term of probation for a West Virginia controlled substance conviction when he violated the terms of probation by possessing a firearm and excessively using alcohol. Thompson's probation was revoked, and he was ordered to serve a term of one-to-five years imprisonment. Thompson later pled guilty to the instant federal firearms offense. Thompson received an enhanced base offense level of 20 under USSG § 2K2.1(a)(4)(A) because of the prior controlled substance conviction. He objected to the probation officer's recommendation that, because Thompson was on state probation at the time of the offense and his probation had been revoked, the sentence for the instant offense should run consecutively to the undischarged probation revocation sentence, pursuant to USSG § 5G1.3, comment. (n.6).[1] Thompson argued that § 5G1.3(b) applied in his case because his state offense had been used to enhance his base offense level. Section 5G1.3(b) provides that, when the defendant is serving an undischarged term of imprisonment resulting from offenses that have been fully taken into account in determining

---

[1]Application Note 6 to § 5G1.3 directs that, if the defendant was on federal or state probation, parole, or supervised release when he committed the instant offense, and his probation, parole, or supervised release has since been revoked, the sentence for the instant offense should be consecutive to the revocation sentence.

the offense level for the instant offense, a sentence concurrent to the undischarged term shall be imposed. However, the district court determined that, as argued by the government and the probation officer, § 5G1.3(b) did not apply because Thompson's state drug offense had not been fully taken into account in determining his offense level.

We review the district court's application of the relevant guideline de novo. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995). Thompson contends that his state drug offense was "fully taken into account" in the determination of his offense level for the instant offense because he received a six-level enhancement of his base offense level because of the nature of his prior state offense.[2] However, only the fact of the prior drug conviction was considered in determining his offense level. Thompson's conduct in the drug offense did not otherwise affect the calculation of his sentence for the instant offense.

The Second Circuit has held that prior offenses are not "fully taken into account," for the purposes of § 5G1.3(b), unless the defendant is sentenced "as if those felonies were being prosecuted in the same proceeding as the instant offense." *United States v. Garcia-Hernandez*, 237 F.3d 105, 110 (2d Cir. 2000) (enhancement for illegal re-entry following deportation for aggravated felony). *Garcia-Hernandez* notes that other circuit courts have similarly found § 5G1.3(b) inapplicable when a prior offense affects the defendant's offense level, but not in the manner it would have if it were an offense of conviction in the instant offense. *Id.* (citing *United States v. Contreras*, 210 F.3d 1151, 1153 (10th Cir. 2000) (career offender provisions); *United States v. Gondek*, 65 F.3d 1, 4 (1st Cir. 1995) (possession of firearms after prior convictions)). This reasoning is persuasive, as it comports with the example cited in Application Note 2 concerning subsection (b) cases. Therefore, the district court did not err in finding that Thompson's prior controlled substance offense was not fully taken into account in the calculation of his offense level.

---

[2]Without the enhancement, Thompson's base offense level would have been 14; he was a "prohibited person" because he had two prior convictions for domestic battery. USSG § 2K2.1(a)(6), comment. (n.6).

Thompson also argues that § 5G1.3(b) should apply because his violation of probation was based in part on his possession of the same firearm that was the basis of the instant federal offense, meaning that the undischarged term of imprisonment resulted from the offense used to calculate his offense level for the instant offense. However, the offense that resulted in the undischarged term of imprisonment was the underlying prior offense, not the conduct that violated the conditions of parole. *Garcia-Hernandez*, 237 F.3d at 110. Thompson's claim thus fails.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*