**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH R. HARDY,

Defendant-Appellant.

No. 01-4083
(D.C. No. 99-CR-595-B)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA,** Chief Judge, **PORFILIO** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kenneth R. Hardy appeals the sentence imposed by the United States District Court for the District of Utah following his entry of a guilty plea to sexual exploitation of children, in violation of 18 U.S.C. § 2251. He contends that the court erred in making the minimum statutory sentence of ten years run consecutively to the sentences imposed by the state of Utah for related offenses. We affirm.

Mr. Hardy pled guilty in state court to one count of rape of a child, one count of sodomy of a child, and one count of aggravated sexual abuse of a child, for which he was sentenced to three consecutive five-year to life terms. He subsequently pled guilty in federal court to sexual exploitation of a child for producing a videotape depicting a child engaging in sexually explicit conduct.

Mr. Hardy contends that under USSG § 5G1.3(b) his federal sentence should run concurrently to the state sentence imposed. Section 5G1.3(b) provides that the sentence for the instant offense is to run concurrently to an undischarged term of imprisonment if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level of the instant offense."

He argues that the state offenses have been "fully taken into account" in determining his federal sentence because the base offense level of the federal sentence was increased because he is the grandfather of the victim and because

the victim is under 12 years of age.  This argument is without merit.  The increase in the base offense level had nothing to do with the conduct alleged in the state proceedings, but rather his relationship with the victim and her age.  *See United States v. Tisdale*, 248 F.3d 964, 976 (10th Cir. 2001) (holding that where the base offense level was increased because of the defendant's conduct in commission of the federal offense and not for his conduct in the state offenses, § 5G1.3(b) is inapplicable); *United States v. Contreras*, 210 F.3d 1151, 1153 (10th Cir. 2000) (rejecting the defendant's contention that § 5G1.3(b) mandated a concurrent sentence where the district court fully took into account his state robbery conviction when determining the career offender status).  Moreover, the state charges were not considered in arriving at Mr. Hardy's criminal history category. *See United States v. Caraballo*, 200 F.3d 20, 26 (1st Cir. 1999) (§ 5G1.3(b) inapplicable where state conviction did not affect federal offense level, did not impact criminal history category, and federal conspiracy conviction was grounded in eight other burglaries in addition to state conviction) (cited with approval in *Contreras*, 210 F.3d at 1153).

Mr. Hardy also argues that § 5G1.3(b) applies because the state charges required proof of the same conduct as the federal charges.  *See Contreras*, 210 F.3d at 1153 (§ 5G1.3(b)'s "central aim is to ensure no defendant is punished twice for the same crime.").  This argument is also without merit.  The federal

charges arose out of the videotaping of the abuse whereas the state charges were for the commission of the acts themselves. Accordingly the state charges did not require proof of the same conduct.

Mr. Hardy argues in the alternative that the district court abused its discretion under § 5G1.3(c). Section 5G1.3(c), a policy statement, provides that a sentence may be imposed either concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment in order "to achieve a reasonable punishment for the instant offense." He contends that it is patently unreasonable that his ten-year federal sentence be served consecutively to his state sentence of three consecutive five-year to life terms. We have reviewed the record and determine that, given the facts and circumstances of this case, the district court did not abuse its discretion.

AFFIRMED.


Entered for the Court


Deanell Reece Tacha
Chief Judge


-4-