F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PETER PAUL HOVEY,

      Defendant - Appellant.

No. 01-4070
(D.C. No. 00-CR-157-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Peter Hovey pleaded guilty to being a felon in possession of a firearm, 18

U.S.C. § 922(g)(1), and was sentenced to 77 months imprisonment, to be served

consecutively to state sentences, and three years supervised release. He appeals

on the grounds that the district court abused its discretion in ordering a

consecutive federal sentence based upon a misunderstanding of U.S.S.G.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

§ 5G1.3.[1]

We review the district court's application and interpretation of the guidelines de novo, and its factual determinations for clear error. United States v. Tisdale, 248 F.3d 964, 975 (10th Cir. 2001); United States v. McCarty, 82 F.3d 943, 950 (10th Cir. 1996). Although the district court has discretion to order consecutive sentences, 18 U.S.C. §§ 3553(a), 3584(a), (b), it must do so in accordance with § 5G1.3. United States v. Contreras, 210 F.3d 1151, 1152 (10th Cir. 2000). The purpose of § 5G1.3 is to coordinate punishments so that total punishment would approximate what would have been imposed had all of the

---

[1]U.S.S.G. § 5G1.3 provides:

Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

sentences been imposed at the same time. <u>Witte v. United States</u>, 515 U.S. 389, 404-05 (1995).

At the time of the offense in this case, Mr. Hovey was on probation for prior state offenses. One case involved attempted robbery; the other involved possession of a controlled substance and possession of a dangerous weapon by a restricted person. V R. (PSR), ¶¶ 46-47. Subsequent to the offense in this case, Mr. Hovey's probation was revoked, and a 0-5 year state sentence was imposed in the first state case, with a concurrent 0-5 year sentence imposed on the other state case. Mr. Hovey's base offense level (20) was greater than it might otherwise have been because he "had one prior felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4).

At sentencing, the district court remarked that U.S.S.G. § 5G1.3(a), requiring consecutive sentences might apply. III R. at 6. On appeal, the government correctly points out that subsection (a) does not apply because the federal offense did not occur while Mr. Hovey was serving a state term of imprisonment, or after sentencing and prior to service of such a term. "Subsection (a) does not apply . . . because an undischarged term of probation is not an 'undischarged term of imprisonment' as that phrase is used in U.S.S.G. § 5G1.3." <u>Tisdale</u>, 248 F.3d at 976.

The first issue is whether subsection (b) applies to require a concurrent

sentence. The primary purpose of § 5G1.3(b) is to prevent the defendant from being punished twice for the same crime. Contreras, 210 F.3d at 1153. The district court stated that if subsection (a) did not apply "then I do believe that [subsection] (b) would apply and mandate consecutively because, as I stated, it is the possession of a controlled substance, possession of a dangerous weapon. That sentence set forth in paragraph 47 [of the PSR] has not been fully taken into account." III R. at 10; see also id. at 14 ("It's my impression that if [subsections] (a) and/or (b) apply, I am–I am ordered–it's a shall–to impose a consecutive sentence."). The district court was incorrect that subsection (b) mandates consecutive sentences upon a determination that an undischarged term of imprisonment has not been fully taken into account; subsection (b) merely requires concurrent sentences if the undischarged term has been fully taken into account. Tisdale, 248 F.3d at 978. Be that as it may, the district court was plainly correct in concluding that the other undischarged state sentence in this case (involving possession of a controlled substance and possession of a dangerous weapon by a restricted person) had not been fully taken into account. Only one felony conviction was required for a base offense level of 20 under § 2K2.1(a)(4), and Mr. Hovey had three that would have qualified.[2] See

---

[2] Earlier, the district court remarked that the undischarged term of imprisonment associated with the first state case (attempted robbery) had been fully taken into account because it increased the base offense level under

<u>Contreras</u>, 210 F.3d at 1153. The district court was not required to impose concurrent sentences. <u>See</u> <u>United States v. Johnson</u>, 40 F.3d 1079, 1083 (10th Cir. 1994).

Mr. Hovey argues that the district court's misstatement about subsection (b) led it to impose a consecutive sentence under subsection (c). While we understand the argument, our review of the record suggests otherwise. The district court exercised its discretion to impose a consecutive sentence based upon the revocation of Mr. Hovey's probation in the state cases, <u>see</u> § 5G1.3 cmt (n.6), Mr. Hovey's extensive criminal record ("many instances of violence"), and the fact that a victim in this case narrowly escaped serious injury (bullet grazed the victim's face) when Mr. Hovey, stating that he was lost, removed a gun from his pocket, pointed it at the victim and pulled the trigger. III R. at 14; V R. ¶ 7. Considering the record as a whole, the district court's misstatement about subsection (b) was harmless–it did not affect the district court's selection of the sentence imposed and, as a result, a remand is not required. <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992).

AFFIRMED.

Entered for the Court
Paul J. Kelly, Jr.
Circuit Judge

---

§ 2K2.1(a)(4). III R. at 6.