**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD ADAMS,

Defendant-Appellant.

No. 01-4726

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Cameron McGowan Currie, District Judge.
(CR-01-205)

Submitted: April 23, 2002

Decided: May 1, 2002

Before WIDENER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Strom Thurmond, Jr., United States
Attorney, Marshall Prince, Assistant United States Attorney, Ann
Agnew Cupp, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Donald Adams pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000), and was sentenced to a term of forty-six months imprisonment. Adams appeals his sentence, alleging that the district court erred in refusing to make his sentence concurrent with a state sentence he was serving pursuant to *U.S. Sentencing Guidelines Manual* § 5G1.3(b) (2000). We affirm.

Under § 5G1.3(b), when a defendant is serving an undischarged term of imprisonment for an offense that has "been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently with the undischarged term of imprisonment." Under § 5G1.3(c), if neither subsection (a) (for offenses committed while the defendant is serving an undischarged term of imprisonment) nor subsection (b) applies, the district court may impose a sentence that is concurrent, partly concurrent, or consecutive to the undischarged term of imprisonment "to achieve a reasonable punishment for the instant offense."

While executing a search warrant at Adams' home in November 2000, drug enforcement agents discovered a shotgun and a rifle which Adams was prohibited from possessing because of a 1990 drug conviction. After the search, Adams was convicted of multiple drug offenses in state court and sentenced to five years imprisonment. He subsequently pled guilty to the instant federal firearm offense. Adams' base offense level was set at 24 because of his two prior felony drug convictions, *see* USSG § 2K2.1(a)(2), and the sentence for each prior conviction received criminal history points. Without making a specific finding, the district court implicitly determined that § 5G1.3(b) did not apply and imposed a sentence partially consecutive to the undischarged term of imprisonment Adams was then serv-

ing. We review the district court's application of the relevant guideline for abuse of discretion. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995).

Adams argues, as he did in the district court, that his state drug offense was "fully taken into account" in the determination of his offense level for the instant offense because he received an enhanced base offense level as a result of the state conviction and also received three criminal history points for the sentence. However, the state drug offense was not treated as relevant conduct in determining the offense level for the instant offense. Only the fact of the prior conviction was considered.

The Second Circuit has held that prior offenses are not "fully taken into account," for the purposes of § 5G1.3(b), unless the defendant is sentenced "as if those felonies were being prosecuted in the same proceeding as the instant offense." *United States v. Garcia-Hernandez*, 237 F.3d 105, 110 (2d Cir. 2000) (enhancement for illegal re-entry following deportation for aggravated felony). *Garcia-Hernandez* notes that other circuit courts have similarly found § 5G1.3(b) inapplicable when a prior offense affects the defendant's offense level, but not in the manner it would have if it were an offense of conviction in the instant offense. *Id.* (citing *United States v. Contreras*, 210 F.3d 1151, 1153 (10th Cir. 2000) (career offender provisions); *United States v. Gondek*, 65 F.3d 1, 4 (1st Cir. 1995) (possession of firearms after prior convictions)). This interpretation comports with the example cited in Application Note 2 concerning subsection (b) cases, which describes a defendant being sentenced for a federal drug offense who is held accountable for an additional drug amount for which he has been convicted and sentenced in state court.

Adams relies on *United States v. Lee*, No. 93-5931, 1994 WL 717476 (4th Cir. Dec. 29, 1994) (unpublished) (vacating and remanding for resentencing under § 5G1.3(b) where defendant serving state sentence for voluntary manslaughter received four-level enhancement pursuant to § 2K2.1(b)(5) for use of the firearm in another felony). Unpublished cases are not binding precedent in this circuit. *See* 4th Cir. R. 36(c). In any event, *Lee* is distinguishable because the defendant in that case received an enhancement to his base offense level

for having used the gun in another felony, not simply for the fact of the prior offense.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*