LUCERO,
joined by SEYMOUR and HENRY, Circuit Judges, concurring in part, dissenting in part.
I join parts I, II, III.A and III.B of the per curiam opinion.
We resolve today the primary question on which en banc review was granted, that we have subject matter jurisdiction to consider challenges to enforceable waivers of appellate rights. My point of departure from the majority opinion, compelling my dissent, is my conclusion that the claim before us is renewable because it falls outside the scope of Marcus Hahn’s waiver of appeal. Upon review of the merits, I conclude that the district court unambiguously misapprehended its discretion in sentencing Hahn, and that its misapplication resulted in a sentence potentially five years greater than the one that could have been imposed. I would remand for resen-tencing in accordance with the corrected standard of discretion.
Let me turn first to the scope of the waiver. Hahn claims that the district court’s misapprehension of its sentencing discretion is an allegation of error beyond the scope of his appeal waiver that we should consider. The majority predicates its rejection of Hahn’s claim on its conclusion that Hahn intended to waive the right to appeal any sentence other than one beyond the statutory maximum and knowingly agreed to accept the chance he might be sentenced by a judge who was ignorant of his discretion to apply concurrent versus consecutive sentences under the relevant statutes.
This predicate leads to the majority’s erroneous conclusion. Plea agreements and appeal waivers rest on the basic assumption that a sentencing court will correctly understand the statutory scheme and sentencing guidelines that are to be utilized in sentencing a defendant. We have carved out exceptions to the enforceability of appeal waivers, see, e.g., the Elliott factors, 264 F.3d at 1173, primarily because their use in sentencing cannot be reasonably supported by contract principles under which either party could be “deemed to have accepted such a risk or be entitled to such a result as a benefit of the bargain.” See United States v. Yemitan, 70 F.3d 746, 748 (2d Cir.1995) (explaining that a sentence tainted by racial bias is outside the scope of an appeal waiver). Just as a defendant who contracts for benefits in exchange for the waiver of appellate rights may reasonably presume the district court will not enter a sentence based on race or impose a sentence beyond the sentencing guidelines, so also may that defendant presume that the district court correctly understands its lawful statutory authority to impose a certain sentence. Cf. United States v. Broughton-Jones, 71 F.3d 1143, 1145, 1147 (4th Cir.1995) (declining to enforce the defendant’s appeal waiver when her sentence included a term of imprisonment and monetary restitution, on the grounds that imposition of restitution, like an upward departure, was outside the scope of the waiver).
Hahn alleges that the district court erroneously concluded that it lacked discretion to impose the sexual-exploitation sentence concurrently with the marijuana-and-firearms sentence. Because the majority reasons that whether the district court misapprehended its own discretion to impose these sentences consecutively or concurrently was among the allegations of error that Hahn surrendered in his appeal waiver, it declines to address the strength of Hahn’s arguments on appeal. I disagree. Although a mere allegation that the district court misapprehended the law would not justify an exception to our enforcement *1331 of an appeal waiver,[1] when a sentencing court clearly and unambiguously misunderstands its legal authority, and such misunderstanding potentially affects the sentence imposed, I would decide that we may — in fact, must — evaluate the merits of the defendant’s arguments on appeal, notwithstanding his waiver of appellate rights. A sentencing court’s explicit misunderstanding of the existence of its legal power to impose a certain sentence is not only manifestly outside the scope of the parties’ reasonable expectations in bargaining for an agreement that includes a waiver of appellate rights, but also contravenes basic public policy, which requires that a sentencing court correctly perceive its own legal authority. Consequently, if Hahn is correct that the district court had discretion to impose a concurrent sentence and explicitly misapprehended its lawful statutory authority, I would conclude that the government may not invoke Hahn’s waiver of appellate rights to bar our consideration of the matter.
Turning to an analysis of the merits in the instant case, Hahn argues that the district court clearly and unambiguously misapprehended its own discretion to impose Hahn’s sexual-exploitation sentence concurrently with his marijuana-and-firearms sentence. Generally, a district court retains discretion to impose sentences concurrently or consecutively. 18 U.S.C. § 3584; United States v. Contreras, 210 F.3d 1151, 1152 (10th Cir.2000); United States v. McCarty, 82 F.3d 943, 950 (10th Cir.1996). Section 924(c), however, carves out an exception to this rule, providing that for a defendant convicted of possessing a firearm in furtherance of a drug-trafficking crime, “no term of imprisonment imposed ... shall run concurrently with any other term of imprisonment imposed on the person.” 18 U.S.C. § 924(c)(l)(D)(ii).
The district court interpreted § 924(c)(l)(D)(ii) to prohibit the imposition of concurrent sentences in Hahn’s case and thus clearly and unambiguously ruled that it had no discretion to impose the sexual-exploitation sentence concurrently with the marijuana-and-firearms sentence. For example, during the sentencing hearing, the court stated:
The first [issue] involves whether the sentence that will be imposed in this [sexual-exploitation] case must be ordered to run consecutively to the sentence that was imposed with [the marijuana-and-firearm case]. After reviewing all of the relevant law and the parties’ briefs on the case, it’s my conclusion that I have no alternative but to order that it be imposed as a consecutive sentence.
(2 Appellant’s App. at 44 (emphasis added).) Similarly, in its written order, the court found: “The sentence in [the sexual- *1332 exploitation] case must run consecutively to the sentence in [the marijuana-and-firearms case]. This conclusion is based on the plain language of 18 U.S.C. § 924(c)(1)(D), its legislative history ... and the holding in United States v. Gonzales, 520 U.S. 1, 9-10, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997).” (2 Appellant’s App. at 34 (citation omitted).)
Moreover, defense counsel’s statements at the sentencing hearing suggest that the district court may have been inclined to impose the sexual-exploitation sentence to run concurrently with the marijuana-and-firearms sentences, had it perceived its discretion to do so: “I understand Your Honor feels that you are required by law to impose this amount of time. You indicated on June 6 that it would have been your intention, had you not been convinced that you must run the sentence consecutively, that 40 years was a sufficient sentence.” (2 Appellant’s App. at 80.) Even setting defense counsel’s statement aside, the court’s unequivocal statements demonstrate that it clearly and unambiguously concluded that it had no discretion to impose a concurrent sentence as a matter of law.
As to Hahn’s contention that the district court had discretion to impose the sexual-exploitation sentence concurrently with the portion of the marijuana-and-firearms sentence attributable to the two § 924(c) convictions, his argument fails. Under the plain language of § 924(c) and Supreme Court precedent, the district court correctly concluded that it did not have discretion to impose the sentence to run concurrently with the two firearms sentences. See United States v. Gonzales, 520 U.S. 1, 11, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997) (holding that the plain language of § 924(c) prohibits a federal district court from imposing a term of imprisonment for a § 924(c) violation to run concurrently with any other sentence, whether it be a state or federal sentence). Although Hahn attempts to distinguish Gonzales by arguing that it does not apply to situations in which the § 924(c) conviction is imposed first, before the sentences for any other crimes are imposed- — a scenario that the Supreme Court in Gonzales does not address — this interpretation does not comport with the plain language of the statute. See id. at 11, 117 S.Ct. 1032. Section 924(c) provides that “no term of imprisonment imposed ... shall run concurrently with any other term of imprisonment imposed on the person,” without exception. § 924(c)(l)(D)(ii) (emphasis added). Therefore, Hahn’s arguments on this point have not demonstrated that the district court explicitly misunderstood its legal authority in interpreting § 924(c) to impose a certain sentence, nor has he demonstrated any of the other narrow exceptions under which we decline to enforce appeal waivers.
In my judgment, however, the district court erred in finding that it had no discretion to impose the sexual-exploitation sentence concurrently with the portion of the marijuana-and-firearms sentence attributable to the substantive marijuana convictions not arising under § 924(c). In Gonzales, although the district court imposed the sentences for the § 924(c) violations to run consecutively to defendants’ state sentences and the other federal sentences, it permitted the federal non-firearms sentences to run concurrently with the state sentences. 520 U.S. at 3, 117 S.Ct. 1032. The Supreme Court noted: “[§ 924(c)] does not ... limit the court’s authority to order that other federal sentences run concurrently with or consecutively to other prison terms — state or federal — under § 3584.” 520 U.S. at 11, 117 S.Ct. 1032. Accordingly, nothing in § 924(c) cabined the district court’s discretion under § 3584 to order that the sexual-exploitation sentence run concurrently with the total five- *1333 year sentence for the substantive marijuana convictions.
During the sentencing hearing in the present case, the district court did not distinguish between the various components of the marijuana-and-firearms sentence when it concluded that it had “no alternative but to order” that the sexual-exploitation sentence run consecutively to it. (2 Appellant’s App. at 44.) Therefore, when the district court assumed that it was required to impose the sexual-exploitation sentence consecutively to the § 924(c) firearms sentences as well as consecutively to the sentences for the substantive marijuana convictions under 21 U.S.C. §§ 841 and 856, it clearly misperceived its discretionary authority. Under § 3584, the district court retained discretion to impose the sexual-exploitation sentence to run concurrently with the five-year total sentence for the substantive marijuana convictions, which would permit it to impose a total sentence of approximately fifty-nine years rather than the sixty-four years ultimately imposed, a difference of approximately five years.
Remanding to the district court to allow it to decide whether it wished to exercise its lawful discretion to sentence Hahn concurrently would have obvious potential benefits to Hahn. Not as obviously, there would also be significant benefits for the public. Retaining defendant in prison for five years, if the district court did not intend to do so, is a costly proposition both financially and socially.
In summary, I would conclude that the trial court’s misapprehension of its sentencing authority falls outside the scope of the plea agreement and is reviewable. I would also conclude that the trial court explicitly and wrongly determined that it lacked discretion with respect to the sentence for the substantive marijuana convictions. On that basis, I would reverse and remand this case for resentencing, expressing no predisposition on the merits of the discretionary issue, but rather to uphold the general expectations of parties who enter plea agreements with appeal waivers that the result of such agreements will comport with basic principles of judicial fairness and our adjudicatory process. I would otherwise affirm.

. Absent unambiguous statements to the contrary, we presume that a district court was aware of its legal authority to impose a given sentence. See United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir.1999) ("[W]e treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart [from sentencing guidelines] but chose instead, in an exercise of discretion, not to depart.”); United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994) (determining that there is no appellate jurisdiction to review a sentence unless the sentencing court clearly misunderstands its authority to grant a downward departure). Notably, our resolution of such ambiguities in favor of the sentencing court is not in accord with several other circuits that have remanded for further clarification. See, e.g., United States v. Smith, 278 F.3d 605, 611 (6th Cir. 2002); United States v. Powell, 269 F.3d 175, 179-180 (3rd Cir.2001); United States v. Rojas-Millan, 234 F.3d 464, 474, 475 (9th Cir.2000); United States v. Aramony, 166 F.3d 655, 665 (4th Cir.1999); United States v. Vahovick, 160 F.3d 395, 398-399 (7th Cir.1998); United States v. Graham, 83 F.3d 1466, 1481 (D.C.Cir.1996).